```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       VALDOSTA DIVISION


JOHN A. SPELL, SR.,                  *

          Plaintiff,                 *

vs.                                  *
                                                CASE NO. 7:05-CV-98(CDL)
MEDTRONIC, INC. and JODY PLATT,      *
          Defendants
                                     *
```

O R D E R

Plaintiff, a Georgia resident, filed this action on August 15, 2005 in the State Court of Lowndes County, Georgia. He asserted claims against Medtronic, Inc., a Minnesota corporation, and Jody Platt, a fellow Georgia resident. Notwithstanding the absence of complete diversity of citizenship among the named parties, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming that Defendant Platt was fraudulently joined and that his citizenship should be ignored in determining federal subject matter jurisdiction.

Plaintiff has never filed a motion to remand, but Defendant Platt did file a motion to dismiss Plaintiff's claims against him. Platt argues, consistent with Defendants' claim of fraudulent joinder, that no claim exists against him under Georgia law. Plaintiff responds that his claims against Platt are viable under Georgia law. If Defendant prevails on his motion to dismiss, then the remaining parties would be completely diverse, and federal subject matter jurisdiction would exist. However, if Plaintiff prevails and Defendant Platt remains a party, then complete diversity would not exist, and this Court would not have subject matter jurisdiction over this case.

At the hearing on Defendant's motion to dismiss, Defendant Platt voluntarily withdrew his motion to dismiss. Furthermore, all parties acknowledged that in light of the present posture of the case, complete diversity of citizenship does not exist among the parties, and therefore, the Court lacks subject matter jurisdiction over this action. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Accordingly, this case is remanded to the State Court of Lowndes County based upon this Court's lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (requiring remand if at any time before final judgment it appears that district court lacks subject matter jurisdiction over case removed from state court). The parties shall bear their own costs.

IT IS SO ORDERED, this 15th day of November, 2005.

<u>S/Clay D. Land</u>
CLAY D. LAND
UNITED STATES DISTRICT JUDGE